**NEW HAMPSHIRE INSURANCE COMPANY, Plaintiff,**

v.

**Glenn K. JOHNSON and Johnson Utility Company Inc., Defendants.**

**Civ. A. No. W89–0024(B).**

United States District Court, S.D. Mississippi, W.D.

May 4, 1990.

---

**624**

H. Russell Rogers, Ward and Rogers, Starkville, Miss., for plaintiff.

John Chapman, Liston & Lancaster, Jackson, Miss., for defendants.

## ORDER

BARBOUR, Chief Judge.

This case is before the Court on the Motion of Defendants and Counter–Plaintiffs, Glenn K. Johnson and Johnson Utility Company, Inc., for an extension of time for discovery. This is the third such request and is denied for the following reasons.

This case is a declaratory judgment action brought by an insurance company seeking adjudication that it is not liable under a particular policy. It seems to present a relatively straightforward and simple question. It was filed on March 10, 1989.

A scheduling order was entered on May 31, 1989, by the United States Magistrate setting a discovery cut-off date of November 1, 1989, as requested by counsel for both sides. Presumably counsel for both sides followed the dictates of Uniform Local Rule 6(d) of the United States District Courts for the Northern and Southern Districts of Mississippi which states: "All counsel are required to make a realistic estimate of the time needed for discovery ..." for scheduling order purposes.

Defendants and Counter–Plaintiffs obtained an Amended Scheduling Order dated September 19, 1989, extending the discovery cut-off date to February 1, 1990. This extension was granted in part because of a change in the attorneys of record for Defendants and Counter–Plaintiffs.

Thereafter Defendants and Counter–Plaintiffs again moved to extend discovery, this time on the basis that they were having additional counsel appear for them in the case. This motion was opposed by Plaintiff in part on the basis of the minimal amount of discovery that had been conducted to that point by Defendants and Counter–Plaintiffs. In spite of the opposition, the Court entered its Order dated January 31, 1990, by which it again extended the motion cut-off date, this time to May 2, 1990. Now, scarcely two months later, Defendants and Counter–Plaintiffs again seek an extension of discovery.

This case illustrates the wide-spread disregard of the intention and spirit of Local Rule 6(d) by many of the members of the bar of this Court. The rule sets forth the method of complying in this district with Rule 16(b) of the Federal Rules of Civil Procedure. Our local rule gives the attorneys in the case, who should be in the best position to evaluate the case and its discovery needs, wide discretion in obtaining an adequate time for discovery; but, it also requires them to make a realistic estimate of such time.

Trial scheduling is performed by the courtroom deputy clerks for each judge. Those clerks use the scheduling orders in determining when cases are ready, or will be ready, for placement on the trial calendar. Accordingly, any amendment to a scheduling order delays the trial date. In most cases, attorneys and their clients should be able to anticipate a trial date within two or three months of the motion cut-off date as set forth in the scheduling order.

The extent of discovery is the primary factor in elevating the cost to parties of litigating in federal court. Active pre-trial management by judges of the discovery process is contemplated by Rule 16. That is the purpose of requiring scheduling orders in this district. These scheduling orders fail in this purpose if the attorneys fail to make a realistic estimate of discovery time needs, fail to be diligent in completing discovery, or expect the court to routinely grant extension requests. An

extension request under this system should be the exception and not the rule. Three requests for extension, as in this case, cannot be tolerated.

Accordingly, the Motion to Extend Discovery is denied.

SO ORDERED.